ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN BEAHR, Administratrix for the Estate of David Beahr, Deceased, | ) ) ) | CASE NO. 4:07CV2275 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | ORDER <u>[RESOLVING DOC. 5]</u> |
| SPRINGFIELD TOWNSHIP, et al., | ) ) ) | |
| Defendants. | | |

This action is before the Court on the Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted filed by Defendants Springfield Township and Springfield Township Police Department (collectively referred to herein as "Defendants"). This Court has been advised, having reviewed the parties' pleadings; motions, oppositions and replies thereto; and applicable law. For the reasons that follow, this Court finds that Defendants' Motions to Dismiss is GRANTED.

## I. Statement of Facts and Procedural History

Plaintiff Evelyn Beahr (hereafter "Plaintiff") was the wife of decedent David Beahr and brings this action as the Administratrix of David Beahr's Estate. David Beahr was employed as a truck driver by Romano Paving and Excavating ("Romano"). (Complaint ¶ 6.) On June 10, 2002, David Beahr was working for Romano and was standing outside of his truck on private property when he was struck and killed by another truck being operated by Andrew Sandora ("Sandora"). (Complaint ¶ 11.) Shortly after the accident, Defendant Springfield Township

1

Police arrived to provide medical assistance and to compile a report as to the facts and circumstances surrounding the fatal accident. (Complaint ¶ 14, 15.)

Almost two (2) years after the accident in May 2004, Plaintiff filed a state law civil action in the Mahoning County Court of Common Pleas against Romano and Sandora alleging that they had intentionally caused the death of her husband. (Complaint ¶ 21.) Plaintiff conducted some discovery in that action and alleges that in June 2006 she learned that Defendant Springfield Township Police did not administer a blood alcohol test to Sandora. (Complaint ¶ 20, 22.) Plaintiff also alleges that the Springfield Township Police Department's decision not to administer a blood alcohol test was part of an established policy of the Springfield Township Police Department not to administer blood alcohol tests for accidents occurring on private property. (Complaint ¶ 20.) Despite not having the results of any blood alcohol test for Sandora, Plaintiff reached a settlement with Romano and Sandora in March 2007.

Plaintiff filed the instant action on July 27, 2007. Her federal claim consists of a 42 U.S.C. § 1983 action against Springfield Township. Plaintiff alleges that the failure of the Springfield Township Police Department to administer a blood alcohol test prejudiced her in her civil action against Romano and Sandora. Defendants have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss arguing that: 1) the statute of limitations has lapsed, 2) the public duty doctrine precludes the plaintiff from maintaining this suit, and 3) the Defendants are entitled to immunity.

## II. Applicable Pleading Standard

As the Court of Appeals for the Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007):

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id.* at 548.

If an allegation in the complaint is capable of more than one inference, the Court must construe it in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must allege either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id.*, citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. Law and Analysis

Defendant Springfield Township Police Department argues that Plaintiff Evelyn Beahr has filed her § 1983 claim outside of the applicable statute of limitations. Actions brought

3

pursuant to 42 U.S.C. § 1983 in Ohio are subject to a two year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). The question of when the statute of limitations begins to run, however, is determined by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Collard v. Kentucky Bd. Of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990), citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Collard*, 896 F.2d at 183. In determining when the cause of action accrues, the court must look to what event should have alerted the typical lay person to protect his or her rights. *Hughes v. Vanderbilt University*, 215 F.3d 543, 548 (6th Cir. 2000).

Plaintiff argues that the statute of limitations began to run in June 2006 when she actually learned that Defendant Springfield Township Police Department did not administer the blood alcohol test to Sandora. Defendant Springfield Township Police Department argues that the statute of limitations began to run on the date of the accident, June 10, 2002 and that Plaintiff, using reasonable diligence, should have discovered within two years that Sandora was not given a blood alcohol test.

Plaintiff waited twenty-three (23) months until May 2004, before filing suit against Romano and Sandora. During discovery in that case, the accident report was available to Plaintiff, who also would have had access to important witnesses. In examining that evidence, Plaintiff should have been alerted that a blood alcohol test of Sandora was missing from the police report, which most certainly should have been sought early in the prosecution of the tort

claim. Therefore, Plaintiff should have known of it, and of the lack of a blood alcohol test, within two years of filing her tort claim had she exercised reasonable diligence.

Plaintiff goes to great lengths throughout her complaint to stress that the policy of Defendant Springfield Township Police Department was permanent and well settled. (Complaint ¶ 26.) In such a case, even a cursory investigation should have revealed the existence of the policy. Plaintiff also alleges that Sandora had seven (7) previous DUI convictions, with an eighth pending in the Municipal Court in Columbiana County, Ohio at the time of the fatal accident. (Complaint ¶ 16.) Reasonable diligence should have alerted her to these facts before she filed her complaint against Sandora and Romano. The information lacking from the police report, the Defendant's well established policy, and Sandora's previous DUI convictions could have been discovered with reasonable diligence within two years of the filing of her state tort claim in May 2004, and would have put a reasonable person on notice of the argument that Sandora should have been given a blood alcohol test.

## CONCLUSION

This Court finds that in using reasonable diligence, Plaintiff should have discovered her cause of action within two years of bringing her state court action against the alleged tortfeasors. Because Plaintiff did not file her § 1983 complaint until July 27, 2007, her complaint is untimely and falls outside of the statute of limitations. As the Court disposes of this matter based upon the statute of limitations issue, there is no need to address the other grounds of Defendants' motion to dismiss. Accordingly, Defendants' motion is hereby GRANTED.

IT IS SO ORDERED.

Dated: January 31, 2008            *s/ John R. Adams*
                                              UNITED STATES DISTRICT JUDGE